IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE
DISTRICT OF ALABAMA
(NORTHERN DIVISION)

| | |
|---|---|
| BARBARA DUCK, an individual; ) | |
| ROBERT DUCK, an individual; ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | CIVIL ACTION NUMBER: |
| ) | 2:05CV509-C |
| TYSON FOODS, INC., ) | |
| a business or corporation; ) | |
| WAL-MART STORES INC., ) | |
| a business or corporation; ) | DEMAND FOR JURY TRIAL |
| TYSON FOODS OF ALABAMA, INC., ) | |
| a business or corporation, ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

The Plaintiffs (hereafter Duck) are adult residents of Elmore County, Alabama. The Defendant, Tyson Foods of Alabama Inc., (hereafter Tyson) is a corporation doing business in Elmore County, Alabama. The Defendant, Tyson Foods Inc., (hereafter Tyson) is a corporation doing business in Alabama. The Defendant Wal-Mart Inc. (hereafter Wal-Mart) is a corporation doing business in Elmore County, Alabama.

## FACTUAL ALLIGATIONS

On or about May 2003, the Plaintiff Duck purchased a package of Tyson boneless chicken breast at the Wal-Mart located in Wetumpka Alabama. On or about May 29, 2003 the Plaintiff Duck prepared and cooked the chicken breast and thereafter consumed a portion of the cooked chicken breast. Unknown to the Plaintiff Duck, a bone was located inside the chicken breast. The Plaintiff Duck swallowed the bone, and the bone became lodged in her throat. Subsequently,

the Plaintiff Duck underwent surgical procedures to have the bone dislodged from her throat.

## DAMAGES

As a result of this incident, the Plaintiff Duck has suffered the following injuries and damages;

1. Post traumatic stress disorder;
2. Numerous personal injuries;
3. Mental anguish and emotional distress;
4. Pain and suffering;
5. Emotional and psychological injuries;
6. Past, present and future medical expenses;
7. Lost wages;
8. Permanent injuries and damages.

The Plaintiff, Robert Duck, has suffered the following injuries and damages:

1. Loss of services and consortion of his wife Barbara Duck.

## COUNT ONE
## (TYSON)
## NEGLIGENCE

1. Plaintiffs adopt and reallege all previous counts and paragraphs and further aver:

2. The Defendant Tyson negligently processed and packaged the subject chicken breast such that it contained a bone invisible to the naked eye. The Defendant Tyson negligently failed to inspect the subject chicken breast for the presence of bones and/or foreign objects prior to packaging it and disbursing it for sale to the Plaintiff. The Defendant's conduct constitutes negligence.

3. As a proximate result, the Plaintiffs have suffered the damages as previously

described.

WHEREFORE, Plaintiffs respectfully request compensatory and punitive damages in an amount to be determined by a struck jury, plus interest and costs of court.

### COUNT TWO
### (TYSON)
### WANTONNESS

1. Plaintiffs adopt and reallege all previous counts and paragraphs and further aver:

2. The Defendant Tyson wantonly processed and packaged the subject chicken breast such that it contained a bone invisible to the naked eye. The Defendant Tyson wantonly failed to inspect the subject chicken breast for the presence of bones and/or foreign objects prior to packaging it and disbursing it for sale to the Plaintiff. The Defendant's conduct constitutes wantonness.

3. As a proximate result, the Plaintiffs have suffered the damages as previously described.

WHEREFORE, Plaintiffs respectfully request compensatory and punitive damages in an amount to be determined by a struck jury, plus interest and costs of court.

### COUNT THREE
### (TYSON)
### NEGLIGENT TRAINING AND SUPERVISION

1. Plaintiffs adopt and reallege all previous counts and paragraphs and further aver:

2. Defendant Tyson negligently trained and supervised its employees pursuant to the proper processing and packaging of its boneless chicken breast products. As a result, the Plaintiff Duck was caused to consume a hidden chicken bone. The Defendant's conduct constitutes negligent training and supervision.

3. As a proximate result, the Plaintiffs have suffered the damages as previously

described.

WHEREFORE, Plaintiffs respectfully request compensatory and punitive damages in an amount to be determined by a struck jury plus interest and costs of court.

### COUNT FOUR
### (TYSON)
### WANTON TRAINING AND SUPERVISION

1. Plaintiffs adopt and reallege all previous counts and paragraphs and further aver:

2. Defendant Tyson wantonly trained and supervised its employees pursuant to the proper processing and packaging of its boneless chicken breast products. As a result, the Plaintiff Duck was caused to consume a hidden chicken bone. The Defendant's conduct constitutes wanton training and supervision.

3. As a proximate result, the Plaintiffs have suffered the damages as previously described.

WHEREFORE, Plaintiffs respectfully request compensatory and punitive damages in an amount to be determined by a struck jury plus interest and costs of court.

### COUNT FIVE
### (WAL-MART)
### NEGLIGENCE

1. Plaintiffs adopt and reallege all previous counts and paragraphs and further aver:

2. The Defendant Wal-Mart negligently sold the subject chicken product to the Plaintiff Duck. The Defendant Wal-mart knew or should have known that the chicken product was in a defective and dangerous condition to consumers. The Defendant's conduct constitutes negligence.

3. As a proximate result, the Plaintiffs have suffered the damages as previously described.

WHEREFORE, Plaintiffs respectfully request compensatory and punitive damages in an amount to be determined by a struck jury plus interest and costs of court.

## COUNT SIX
## (WAL-MART)
## WANTONNESS

1. Plaintiffs adopt and reallege all previous counts and paragraphs and further aver:

2. The Defendant Wal-Mart wantonly sold the subject chicken product to the Plaintiff Duck. The Defendant Wal-mart knew or should have known that the chicken product was in a defective and dangerous condition to consumers. The Defendant's conduct constitutes wantonness.

3. As a proximate result, the Plaintiffs have suffered the damages as previously described.

WHEREFORE, Plaintiffs respectfully request compensatory and punitive damages in an amount to be determined by a struck jury plus interest and costs of court.

## COUNT SEVEN
## AEMLD

1. Plaintiffs adopt and reallege all previous counts and paragraphs and further aver:

2. The Defendants Tyson and Wal-mart are liable to the Plaintiffs pursuant to the Alabama Extended Manufacturers Liability Doctrine. The chicken product reached the Plaintiff in exactly the same condition as it was when it left the Defendants' possession and did reach the Plaintiff in a hazardous and defective condition. The Defendants are liable to the Plaintiff pursuant to the doctrine of strict liability.

3. As a proximate result, the Plaintiffs have suffered the damages as previously described.

WHEREFORE, Plaintiffs respectfully request compensatory and punitive damages in an amount to be determined by a struck jury plus interest and costs of court.

## COUNT EIGHT

1. Plaintiffs adopt and reallege all previous counts and paragraphs and further aver:

2. The Defendants are liable to the Plaintiffs pursuant to the doctrine of Res ipsa loquitur.

WHEREFORE, Plaintiffs respectfully request compensatory and punitive damages in an amount to be determined by a struck jury plus interest and costs of court.

_____
Richard F. Horsley
Attorney for Plaintiff

OF COUNSEL

**GOOZÉE, KING & HORSLEY**
**Shades Brook Bldg., Ste. 200**
**3300 Cahaba Road**
**Birmingham, AL 35223**
**(205) 871-1310**

TRIAL COUNSEL:

Richard F. Horsley

**Plaintiffs demand a trial by a struck jury in this cause.**

_____
Of Counsel

<u>Plaintiff's Address</u>
c/o Richard Horsley
GOOZÉE, KING & HORSLEY
Shades Brook Bldg., Ste. 200
3300 Cahaba Road
Birmingham, AL 35223

<u>Defendant's Address</u>

Tyson Foods of Alabama, Inc.
c/o The Corporation Company
2000 Interstate Park Drive Ste 204
Montgomery, Alabama 36109

Wal-Mart
c/o The Corporation Company
2000 Interstate Park Drive Ste 204
Montgomery, Alabama 36109

Tyson Foods Inc.
1300 Johnson Road
Springdale, Arkansas 72765